UNITED STATES DISTRICT COURT

**FILED**

DISTRICT OF SOUTH DAKOTA

AUG 0 7 2008

SOUTHERN DIVISION

CLERK

| | | |
|---|---|---|
| FRANK ATUAHENE, Ph.D., | ) | Civ. 07-4099-KES |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER DENYING |
| | ) | MOTION TO APPOINT |
| SOUTH DAKOTA STATE | ) | COUNSEL |
| UNIVERSITY, | ) | |
| | ) | |
| Defendant. | | |

Plaintiff, Frank Atuahene, sent a letter to the court, which the court interprets as a motion to appoint counsel. Docket 30. Plaintiff seeks the court's help in finding an attorney because "I have a strong case but without legal expertise, this case may fall apart." Id. Plaintiff also states that he has had difficulty finding an attorney who does not have some relationship with Defendant South Dakota State University. Id. For the reasons stated below, this motion is denied.

Plaintiff cites no statutory authority for his request, and the court is aware of only one statute which would permit the court to assist Plaintiff in finding an attorney. 28 U.S.C. § 1915(e)(1) permits the court to appoint an attorney to represent any person who is "unable to afford counsel." Plaintiff, however, has not petitioned this court for in forma pauperis status under 28 U.S.C. § 1915 or demonstrated that he is "unable to afford counsel." In fact, Plaintiff has paid all necessary fees up to this point and in his motion to the court, Plaintiff says nothing about an inability to pay for an attorney to

represent him in this matter.  Both facts indicate that Plaintiff may not qualify
for such a designation.

Even if Plaintiff were to establish that he is unable to afford counsel, the
court declines to appoint counsel to represent Plaintiff at this time.  "A pro se
litigant has no statutory or constitutional right to have counsel appointed in a
civil case."  Stevens v. Redwing, 146 F.3d 538, 546 (8th Cir. 1998).  "In civil
rights matters the court *may*, pursuant to 28 U.S.C. § 1915, 'request' an
attorney to represent a party if, within the court's discretion, the
circumstances are such that would properly justify such a request."  Mosby v.
Mabry, 697 F.2d 213, 214 (8th Cir. 1982) (emphasis in original).  In deciding
whether to appoint counsel under § 1915(e)(1), the court is to consider such
factors as "the complexity of the case, the ability of the indigent litigant to
investigate the facts, the existence of conflicting testimony, and the ability of
the indigent to present his claim."  Stevens, 146 F.3d at 546; see also Johnson
v. Williams, 788 F.2d 1319, 1322-23 (8th Cir. 1986).

It appears to the court that Plaintiff is able, at the current stage of the
litigation, to adequately represent himself.  Plaintiff has shown the court that
he has been able to investigate and articulate his claims up to this point.  For
example, he has filed numerous documents, including a motion for default
judgment and an opposition to a motion to quash.  Docket 11, 14.  Plaintiff has
also demonstrated that he is familiar with judicial procedures.  Furthermore,
Plaintiff has not shown that the appointment of counsel is necessary because
of the complexity of this case or the existence of conflicting testimony.  See

2

Stevens, 146 F.3d at 546.  Plaintiff alleges only one claim, the violation of Title

VII of the Civil Rights Act of 1964.  The claim is not complex and it appears to

the court that plaintiff has the ability to investigate and present his own claim

at this stage.

Now, therefore, it is hereby

ORDERED that Plaintiff's motion to appoint counsel (Docket 30) is

denied.

Dated August 7, 2008.

BY THE COURT:

KAREN E. SCHREIER
CHIEF JUDGE

3